PHILLIPS, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority that Citizens United must comply with Colorado’s campaign disclosure requirements for advertisements relating to its new film, Rocky Mountain Heist. See Maj. Op. at 216-17. I respectfully dissent from the majority’s reversal of the district court’s decision requiring that Citizens. United comply with all other disclosure requirements. I disagree with the majority’s conclusion that the disclosure requirements violate Citizens United’s First Amendment rights, and that this Court has authority under the First Amendment to rewrite additional exemptions into Colorado’s Constitution and statutes.
I agree with the majority that we use exacting scrutiny to evaluate campaign disclosure requirements. Citizens United v. Fed. Election Comm’n, 558 U.S. 310, 366-67, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010); Buckley v. Valeo, 424 U.S. 1, 64, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). To satisfy this level of review, disclosure requirements must have a “relevant correlation” or a “substantial relation” to a sufficiently important governmental interest. Buckley, 424 U.S. at 64, 96 S.Ct. 612; Citizens United, 558 U.S. at 366-67, 130 S.Ct. 876. Here, one important government interest is the need to “ensurfe] that Colorado’s electors are able to discern who is attempting to influence their votes.” Maj. Op. at 210. This important interest, tied to “help[ing] citizens make informed choices in the political marketplace,” is sufficient to uphold disclosure requirements against First Amendment challenges, even those disclosure requirements that include media exemptions. Citizens United, 558 U.S. at 367, 369, 130 S.Ct. 876; Human Life of Wash., Inc. v. Brumsickle, 624 F.3d 990, 1011-12 (9th Cir.2010).
Despite this preliminary common ground, the majority’s and my paths then diverge. Unlike the majority, I approve of the district court’s view of what is required to sustain exacting scrutiny here. Rather than focusing on Citizens United and its required disclosure, the district court considered “whether there is a substantial relation between the State’s interest and the disclosure scheme as a whole, not a *220 single hypothetical/ ” Citizens United v. Gessler et al., — F.Supp.3d -, -, 2014 WL 4698480 at *7 (D.Colo. Sept. 22, 2014) (emphasis added). I agree with that approach.[1]
In contrast, the majority adopts Citizens United’s position on exacting scrutiny and considers whether requiring Citizens United to disclose becomes unlawful if traditional media need not disclose. After hearing that position, the district court remarked that “[i]t sounds like you’re making an equal protection argument, and yet you keep telling us, no, we’re not.” Dist. Ct. Trans. 19:9-11. The district court’s comment arose from the bases upon which Citizens United attacked the disclosure law: “We are here because [Citizens United does] not want to have obligations imposed upon them that are not imposed upon other speakers.” Dist. Ct. Trans. at 7:21-23. Citizens United further complained that “the burden [of disclosure] ... however slight, does not, the magnitude of the burden is not as important as the fact that the burden is imposed unequally.” Dist. Ct. Trans, at 19:5-8. And before us, Citizens United again complained about the “uneven disclosure” of the requirements: “there’s no question that the obligation to keep records, to make disclosures is a burden and it’s unequally distributed and that makes this statute — this statutory regime facially unconstitutional.”[2] Oral Arg. Oct. 7, 2014. Despite its argument, Citizens United admitted that Colorado could require it to disclose if there were no exemptions at all.
The majority elects to analyze the issue under Citizens United’s approach. It first determines that Colorado has no important *221 government interest in requiring disclosure from the traditional media because Colorado exempts the traditional media from disclosure. The majority then makes a case for why Citizens United is akin to traditional media, emphasizing that it has an “extended history of producing substantial work,” which provides Colorado voters “information about Citizens United that is at least as accessible to the public as donor lists reported to the Secretary.” Maj. Op. at 215. From this, the majority then makes a leap: it says that because Citizens United has the attributes of traditional media, Colorado must not have an important government interest in requiring disclosure from Citizens United. Along this same line, the majority concludes that the First Amendment requires the Secretary to treat Citizens United the same as the exempted media. Finding that he has not, the majority reverses the district court and orders the Secretary to treat Citizens United the same as the exempted media. This reasoning suffers from numerous fatal flaws.
First, the majority cites no cases to support its First Amendment/Equal Protection legal theory. When the district court told Citizens United that this legal theory sounded in Equal Protection, Citizens United did no.t fall back upon any case decided on the same ground. Rather, Citizens United relied upon cases in which regulations discriminated against speech based on viewpoint. In response, the district court pointed out the undisputed fact that an individual or group with ideological views contrary to Citizens United would also have to satisfy the disclosure requirements. Dist. Ct. Trans, at 19, 21.
Second, the majority assumes that if Citizens United is sufficiently media-like by producing 25 films, then Colorado voters have no more interest in disclosure from it than they would for an exempted media entity like The Denver Post. Maj. Op. at 215. This misses the mark. Colorado voters may indeed desire to know the identity of the people or groups contributing to the making of Citizens United’s film as opposed to the names of The Denver Post’s subscribers, advertisers, or lenders. Colorado voters have determined at the ballot box that the identity of Citizens United’s donors who earmark financial contributions to produce or advertise a political film helps them evaluate the film’s message. See Colo. Const, art. XXVIII, § 1; 8 Colo.Code. Reg. 1505-6:11 (requiring disclosure of donors who specifically earmark donations above $250). I do not believe this Court acts within its proper sphere by second-guessing Colorado voters about the information they need to evaluate express advocacy such as made in Rocky Mountain Heist.
Third, I believe that the majority errs in supposing that Citizens United is, in fact, not being treated equally with the exempted media. We must remember that “exempted media” are exempted only for certain communications made in limited forms of speech. Colorado law does not give those media entities a blanket exemption from disclosure of all electioneering communications and independent expenditures. In fact, the Secretary has said that, just as Citizens United must disclose donors who gave earmarked funds for its political film, the exempted media would have to disclose under the same circumstances. For example, if The Denver Post[3] *222 were to solicit and obtain earmarked donations to produce a political film, it too would need to disclose the donors earmarking their contributions for that film.[4] In view of this, it is no surprise that the district court found that the disclosure exemptions are based on the form of the speech, meaning that, “[f]or example, if Citizens United publishes an op-ed in a newspaper, it will not be required to disclose the funding behind the piece. Likewise, if the Denver Post produced a film expressly advocating for the reelection of Governor John Hickenlooper, it would be forced to comply with the disclosure requirements.”' Citizens United v. Gessler, — F.Supp.3d at -, 2014 WL 4698480, at *8.
Fourth, the majority undersells the importance of the State’s evidence presented at the preliminary injunction hearing that “[traditional news organizations typically do not engage in fundraising initiatives for express advocacy pieces or solicit money from subscribers who wish to earmark their funds for a specific message.” Appellee’s Br. at 39; see Dist. Ct. Trans, at 88:6-12. This provided some of the basis for the district court’s denial of the preliminary injunction. In fact, the district court addressed Citizens United’s argument to the contrary, finding it “rather nonsensical” and “clearly at odds with the operation of the disclosure laws” that “without the exemptions newspapers would be obligated to disclose the names of individual subscribers, advertisers, and financial lenders.” Citizens United v. Gessler, — F.Supp.3d at -, 2014 WL 4698480, at *7.1 agree with the district court.
Fifth, I disagree with the majority’s remedy once it concludes that the Colorado disclosure scheme violates the First Amendment. At that point, it should either sever the traditional media’s exemption from disclosure or strike the entire disclosure scheme. See Citizens for Resp. Gov’t State Pol. Action Comm. v. Davidson, 236 F.3d 1174, 1197 (10th Cir.2000). But in my view, the majority takes a long stride toward lawmaking when it instead takes a pen to Colorado’s Constitution and statutes and writes in a nebulous third category of entities that the Court believes have a First Amendment right to the same exemption because those entities supposedly are sufficiently similar to traditional media. Here, the majority concludes that an entity that has made 24 political films nationwide qualifies, even though Rocky Mountain Heist is its first film to focus on Colorado politics and draw particular attention inside Colorado. Under the majority’s approach, court battles loom for other “media equivalents” with less national presence or fewer films or other speech in their record. Will the Court later say that someone like Michael Moore,[5] a filmmaker with a contrary ideological view but fewer films, has a sufficient “extended history” so that Colorado citizens can evaluate his *223 message without knowing whether any donors gave earmarked money toward his film? If not, will he have to disclose donors making earmarked donations for his films while Citizens United does not? Under the majority’s approach, no one can know without filing suit and then learning the answer on a case-by-case basis. I would rather trust Colorado citizens to know when they need or do not need disclosure to evaluate a speaker’s message.
Finally, although the majority recounts, but does not rely upon, the Federal Election Commission’s (FEC) advisory opinion to support its result, I do wish to state my disagreement with Citizens United’s argument that it should. In 2010, the FEC issued an advisory opinion concluding that Citizens United’s costs of producing, distributing, and marketing its films were exempt under federal disclosure laws. Fed. Election Comm’n Advisory Op., No. 2010-08, 2010 WL 3184266 (June 11, 2010).[6] Importantly, the FEC granted Citizens United exempt status not under the First Amendment, but under the federal disclosure exemption provision. See id. at *3^1 (citing 52 U.S.C. § 30104(f)(3)(B)). The FEC has authority to render its opinion about the application of the Federal Election Campaign Act. See 52 U.S.C. § 30108. In my view, neither the Colorado Secretary of State nor this Court has corresponding authority over Colorado disclosure exemptions as did the FEC over federal disclosure requirements.[7] See Citizens United v. Gessler, No. 1:14-CV-02266, Doc No. 1-2, at 8-10 (Secretary of State’s declaratory order denying Citizens United an exemption from Colorado’s disclosure requirements) (citing Colorado Common Cause v. Gessler, — P.3d -, -, 2012 WL 3755615, at *5 (Colo.Ct.App. Aug. 30, 2012) (holding that Secretary exceeded his authority when he promulgated a rule based on federal law)).
For the foregoing reasons, and remembering that it is Citizens United’s burden to prove its entitlement to a preliminary injunction, see Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir.2001), I respectfully dissent.

. The majority contends that I have eliminated the possibility of an as-applied challenge by my agreeing with the district court that the proper focus should be on “whether there is a substantial relation between the State’s interest and the disclosure scheme as a whole, not a single hypothetical." Maj. Op. at 216. This contention misunderstands my position. I say that Citizens United hasn’t made a traditional as-applied challenge because it admits that the disclosure law would be valid against it if the law also applied against the exempted traditional media. By then arguing that the disclosure law becomes unconstitutional by treating traditional media differently, Citizens United, in my view, veers to an equal protection challenge, not an as-applied challenge under the First Amendment. See United States v. Huet, 665 F.3d 588, 600-01 (3d Cir.2012) (stating that "an as-applied challenge does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right.”). See also Fed. Elec. Comm'n v. MCFL, 479 U.S. 238, 250-51, 263, 107 S.Ct. 616, 93 L.Ed.2d 539 (1986) (finding federal disclosure statute unconstitutional as applied to plaintiffs particular conduct rather than unconstitutional because it applied to plaintiff’s conduct and not to entities covered by statute’s press exemption) (emphasis added).
In response to my position, the majority relies on Greater New Orleans Broad. Ass’n, Inc. v. United States, 527 U.S. 173, 119 S.Ct. 1923, 144 L.Ed.2d 161 (1999). This reliance is misplaced. In that case, the Supreme Court reviewed the constitutionality of a statute barring speech (commercial advertisements) by some casinos while permitting others to make such speech. Id. at 176, 119 S.Ct. 1923. Greater New Orleans was a speech case, not a disclosure case. Because of that, the Court required the government to show that the prohibition was narrowly tailored to a substantial government interest. Id. at 185-88, 119 S.Ct. 1923. That standard is more stringent than the exacting scrutiny we use to evaluate disclosure schemes. Compare Citizens United, 558 U.S. at 366-67, 130 S.Ct. 876 with Greater New Orleans Broad., 527 U.S. at 183-88, 119 S.Ct 1923.

. The majority decides the case on an as-applied basis, not reaching the facial challenge. I would reject the facial challenge too. Citizens United supports that challenge by arguing that the disclosure law discriminates on a speaker’s viewpoint; like the district court did, I too find no basis in Citizens United’s argument.

. The result of this example — required disclosure — would be the same whether The Denver Post, The Wellington Weekly (a small, weekly newspaper serving that town and the surrounding rural area), or any other normally-exempt entity obtained earmarked donations to produce a similar political film.

. At oral argument, the Secretary noted that online editions of newspapers (i.e. The Denver Post) and online political blogs would be exempt from disclosure. I see nothing wrong with the Secretary interpreting Colorado's own disclosure laws to determine that some blogging posts might qualify as ”[a]ny news articles, editorial endorsements, opinion or commentary writings, or letters to the editor printed in a newspaper, magazine or other periodical not owned or controlled by a candidate or political party.” Colo. Const, art. XXVIII, § 2(7)(b)(I). And it is important to remember that the Secretary would still require the exempted bloggers to disclose their donors who fund a political film like Rocky Mountain Heist with money earmarked for that sole purpose.

. The district court used Michael Moore as the example to ask whether Colorado’s disclosure requirements would apply to someone of the contrary view. See Dist. Ct. Trans. at 5, 15.

. The FEC’s advisoty opinion came five months after the decision in Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 371, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010), meaning that Citizens United was not included in the media exception to disclosure under federal law when the Court approved the disclaimer and disclosure requirements to Citizens United’s ’film at issue there, Hillary, under the Bipartisan Campaign Reform Act of 2002.

. Under the plain language of Colorado’s campaign disclosure laws, Citizens United is not exempted. First, as a filmmaker, it is not acting as a "newspaper, magazine, or other periodical" that is printing a "news articles, editorial endorsements, opinion or commentary writings, or a letters to the editor.” See Colo. Const, art. XXVIII, § 2(7)(b)(I). Second, Citizens United is not a "broadcast facility.” Id. § 2(7)(b)(II).